FILED

2016 May-27  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD LEE COSBY,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **Case No. 5:16-cv-00825-AKK** |
| ) | |
| **CINTAS CORPORATION,** ) | |
| ) | |
| **Defendant** ) | |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Richard Lee Cosby filed a *pro se* complaint on the court's General Complaint Form for *Pro Se* Litigants and a Motion to Proceed *In Forma Pauperis*. Docs. 1 and 2. He names as defendant Cintas Corporation ("Cintas"). The complaint is before the court for initial review pursuant to 28 U.S.C. § 1915.

Cosby invokes 42 U.S.C. § 1983 as the basis for his claim against Cintas. In his statement of claim, Cosby alleges:

> Im injured going back and forth to the doctor I was fired, because I got sick at work, and ask my supervisor, that I was hurting and need to go home. He agreed. But then start to call me name, I was suspended for 3 days, on the third day, the general manager fired me. After I had brought a doctor excuse back to work Im now fileing for my disability. I have no income but food stamps cant visit my doctor the way I should.

Doc. 1 at 2-3 (*sic*).  For the relief requested, Cosby states, "I would like them to settle my civil rights matter I hadnt been able to see my doctor regurly because I have no income coming in and pay for my hardship it has caused me."  *Id*. at 3 (*sic*).

## DISCUSSION

Federal courts are courts of limited jurisdiction.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).  Therefore, "they have the power to decide only certain types of cases."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE*, 236 F.3d 1292, 1299 (11th Cir. 2001).  As the Supreme Court has stated, "the Court early in its history wisely adopted a presumption that every federal court is without jurisdiction unless the contrary affirmatively appears from the record."  *Delaware v. Van Arsdall*, 475 U.S. 673, 692, 106 S.Ct. 1431, 1442, 89 L.Ed.2d 674 (1986) (internal citations and marks omitted).  The court must determine if there is a legal basis for Cosby's complaint over which it may exercise jurisdiction.

To decide whether it has subject matter jurisdiction in this case, the court begins with Cosby's complaint.  Title 28 U.S.C. § 1331 provides that federal district

courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Cosby has invoked 42 U.S.C. § 1983 as the basis for his claim. However, § 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of state action. *See District of Columbia v. Carter*, 409 U.S. 418, 423 (1973). Cosby does not specify what federal right Cintas purportedly deprived him of to trigger this court's jurisdiction. Moreover, an action under § 1983 does not lie against a private person or entity like Cintas. It is only where a person or entity acts to deprive another of his federal rights under color of state law that § 1983 provides authority for a federal claim. *Parker v. Graves*, 479 F.2d 335 (5th Cir. 1973).[1] Because Cintas is a private entity rather than a state actor and was not acting "under color of state law" when it discharged Cosby, Cosby may not maintain a § 1983 claim against Cintas. This is not to say that Cosby has no claim he can maintain against Cintas. Rather, the court is only stating that Cosby cannot maintain a § 1983 claim against Cintas. In fact, based on Cosby's allegations, it looks like he is claiming that Cintas allegedly discharged him after he sustained an injury on the job. If that is in fact the basis for

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

his claim, Cosby needs to pursue his claim against Cintas in state court under a workers' compensation theory.

Based on the foregoing, Cosby's claims are **DISMISSED WITHOUT PREJUDICE** to Cosby refiling in the proper court or raising the correct claims that would trigger this court's jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Morrison*, 228 F.3d at 1261 ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."). Cosby's Motion for Leave to Proceed *In Forma Pauperis*, doc. 2, is **MOOT**.

**DONE** the 27th day of May, 2016.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE